RODGERS et al. v. DARKS et al.

No. 30572. Nov. 2, 1943.

Rehearing Denied Nov. 23, 1943.

142 P. 2d 988.

Anglin & Stevenson and O. S. Huser, all of Holdenville, for plaintiffs in error.

W. W. Pryor, Don Wilbanks, and Frank L. Warren, all of Holdenville, for defendants in error.

BAYLESS, J. This action was instituted on October 17, 1932, by H. H. Darks, administrator of the estate of

Thomas Long, Sr., deceased, hereinafter referred to as plaintiff, against Taska L. Rodgers and James W. Rodgers, who will hereinafter be referred to as defendants, and others not here involved, to recover a money judgment for an alleged balance due on a note which defendants had executed on February 8, 1921, and which by its terms became due and payable February 8, 1924, and to foreclose a real estate mortgage which had been given to secure said note.

Plaintiff in his petition, after appropriate allegations relative to his appointment, alleged, in substance, that defendants had executed and delivered to his decedent on February 8, 1921, a note for $7,000 secured by a mortgage; that on September 20, 1932, there remained a balance due and unpaid on said note of $2,942.40, for which amount, together with interest thereon at 8 per cent per annum from said date, and attorney fees provided in the mortgage and for the foreclosure of the mortgage, plaintiff prayed judgment. The defendants demurred to aforesaid petition, and when the demurrer was overruled filed an answer wherein they pleaded the statute of limitations in bar of the action. The plaintiff filed an amended reply wherein it was set out that the note was held in trust by the Department of the Interior, an agency of the United States Government, that it was so held until the death of the said Thomas Long, including that period of his life during which he was under guardianship, and that the statute of limitation did not begin to run during his lifetime.

The case was tried to the court without a jury, and during the time the court had the matter under advisement, others were substituted as plaintiffs, and on November 21, 1940, the court rendered judgment for the substituted plaintiffs as prayed for.

There are a number of general assignments of error made, but the only issue actually pressed in defendants' brief relates to the issue of law involving the applicability of the statute of limita-tions. The defendants point out the dates involved and call our attention to the period of time that lapsed between the due date of the note and the filing of the action, and cite our statute, 12 O. S. 1941 § 95, subd. I, and the decisions of this court construing that statute in actions involving notes and the foreclosure of real estate mortgages. They say this plainly shows that the action was barred at the time it was filed. Plaintiffs contend that because Long was a full-blood restricted Indian, and the money was loaned from the funds derived from his restricted allotment, and such funds were held by the United States Government and handled through one of its agencies, and the loan was payable to the government agency, the United States was acting as trustee for its Indian ward, and no statute of limitation or equitable rule of laches applies. We observe the note contains restrictive provisions respecting payment, and the mortgage has attached to it a certificate of notice of the origin of the funds loaned, the authority of the government agency thereover, and expressly preserving this authority.

We are of the opinion that the first reason advanced by plaintiffs in support of their argument that the statute of limitation does not apply is correct and there is no occasion to consider the other reasons. In arriving at this conclusion we do not lay stress on whether Long is restricted by blood or otherwise.

We have not found, and the parties have not cited us, any cases directly in point. However, the general rule is that the statutes of limitation do not affect the United States Government in actions brought by it or against it. 37 C.J. 710, § 28; and 65 C.J. 1418, § 194. Our attention is called to 31 C. J. 483, § 12; and page 492, § 33 et seq. A reading of the cases cited in the footnotes, including those by the Supreme Court of the United States, discloses that generally those cases have involved restricted lands of restricted Indians or incidents arising out of the ownership thereof.

However, the language used by the Supreme Court of the United States is so comprehensive in its import that we are of the opinion that it would be applied to any situation wherein the United States Government has a trustee interest to establish or defend. The latest expression is to be found in Board of County Comm'rs, etc., v. United States, 308 U. S. 343, 84 L. Ed. 313, in this language, "Again, state notions of laches and statutes of limitations have no applicability to suits by the Government, whether on behalf of Indians or otherwise." In support of this statement that court cited United States v. Minnesota, 270 U.S. 181, 46 S. Ct. 298, 70 L. Ed. 539.

Since under the above rulings the statute of limitation did not begin to run while the note and mortgage was held by the Secretary of Interior, said statute of limitation would only begin to run after the Secretary of Interior surrendered possession and dominion over said note and mortgage. Under the facts in this case the statutory period had not run since the said note and mortgage were surrendered by the Secretary of Interior, after this suit was instituted.

Our attention has been called to the Act of April 12, 1926, secs. 2 and 3, commonly known as the Hastings Act, which purports to put into effect in Oklahoma the Oklahoma statutes of limitation so far as restricted Indians of the Five Civilized Tribes are concerned. However, this has been construed in Tulsa County v. United States, 94 Fed. 2d 450, to apply only to suits involving title to lands.

We are of the opinion that since the records disclose that these funds were loaned from a trust estate of which the United States was trustee, no statute of limitation had begun to run at the time of the filing of this action. We are, of the opinion that the trial court correctly rendered judgment for the plaintiffs as against the defense of limitation. The judgment is affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., dissents.